**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD S. WILLIAMS,<br><br>                                  *Plaintiff,*<br>     v.<br><br>TODD BAXTER,<br>Monroe County Sheriff,<br><br>MATT VANDUZEE,<br>Superintendent of the Monroe County Jail,<br><br>CAPTAIN SHELLARD,<br><br>DEPUTY BITTERMAN,<br><br>DEPUTY HOYT,<br><br>DEPUTY LAWLER,<br><br>DEPUTY RYDERS,<br><br>CORPORAL FENNESSY, and<br><br>Area Supervisor Division of Parole of the Executive Department of the State of New York,<br><br>                                  *Defendants.* | Case No. 16-cv-115<br><br>**ANSWER INTERPOSED ON BEHALF OF MONROE COUNTY SHERIFF DEFENDANTS** |

Defendants Todd Baxter, Matt Vanduzee, Captain Shellard, Deputy Bitterman, Deputy Hoyt, Deputy Lawler, Deputy Ryders, and Corporal Fennessy (together, the "Sheriff Defendants") hereby answer Plaintiff's Second Amended Complaint ("Complaint") as follows:

1. Deny the allegations set forth in paragraph 1.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. Admit that Todd Baxter is Monroe County Sheriff and denies the remaining allegations set forth in paragraph 4.

5. Admit that Matt VanDuzee was Superintendent of the Monroe County Jail and denies the remaining allegations set forth in paragraph 5.

6. Admit that Captain Shellard is a Monroe County Jail Captain, and deny the remaining allegations set forth in paragraph 6.

7. Admit that Deputy Bitterman is a Monroe County Jail Deputy and deny the remaining allegations set forth in paragraph 7.

8. Admit that Deputy Hoyt is a Monroe County Jail Deputy and deny the remaining allegations set forth in paragraph 8.

9. Admit that Deputy Lawler is a Monroe County Jail Deputy and deny the remaining allegations set forth in paragraph 9.

10. Admit that Deputy Rynders (not Ryders) is a Monroe County Deputy and deny the remaining allegations set forth in paragraph 10.

11. Admit that Corporal Fennessy is a Monroe County Deputy and deny the remaining allegations set forth in paragraph 11.

12. Deny the allegations set forth in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Deny the allegations set forth in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Deny the allegations against Captain Shellard and deny knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16.

17. Deny the allegations against Captain Shellard and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17.

18. Deny the allegations set forth in paragraph 18.

19. Deny the allegations against Captain Shellard and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19.

20. Deny the allegations against Captain Shellard and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in both paragraphs that are labeled as paragraph 21.

22. Deny the allegations against Deputy Bitterman and Captain Shellard and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the outcome of Plaintiff's grand jury proceedings and deny the remaining allegations set forth in paragraph 23.

24. Deny the allegations set forth in paragraph 24.

25. Deny the allegations set forth in paragraph 25.

26. Deny the allegations set forth in paragraph 26.

27. Deny the allegations set forth in paragraph 27.

28. Deny the allegations set forth in paragraph 28.

29. Deny the allegations set forth in paragraph 29 and respectfully refer the Court to the laws and/or orders referenced therein for their content, meaning, and legal effect.

30. Deny the allegations set forth in paragraph 30.

31. Deny the allegations set forth in paragraph 31.

32. Deny the allegations set forth in paragraph 32.

33. Deny the allegations set forth in paragraph 33.

34. Deny the allegations set forth in paragraph 34.

35. Deny the allegations set forth in paragraph 35.

36. Admit that video requested by Plaintiff was made available to Plaintiff and deny the remaining allegations set forth in paragraph 36.

37. Deny the allegations set forth in paragraph 37.

38. Deny the allegations set forth in paragraph 38.

39. Deny the allegations set forth in paragraph 39.

40. Deny the allegations set forth in paragraph 40.

41. Deny the allegations set forth in paragraph 41.

42. Deny the allegations set forth in paragraph 42.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in both paragraphs labeled as paragraph 43.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47. Deny the allegations set forth in paragraph 47.

To the extent any allegations in the Complaint are not responded to above, they are denied.

### 1st Affirmative Defense

1. The Complaint fails to state a cause of action upon which relief may be granted as against the Sheriff Defendants.

### 2nd Affirmative Defense

2. The Sheriff Defendants are entitled to qualified immunity.

### 3rd Affirmative Defense

3. Plaintiff has failed to exhaust available administrative remedies prior to commencing this lawsuit, barring some or all of the claims set forth in his Complaint.

### 4th Affirmative Defense

4. The Sheriff Defendants are entitled to governmental function immunity.

### 5th Affirmative Defense

5. Plaintiff's culpable conduct, contributory negligence, and/or assumption of risk caused the damages alleged in the Complaint. If the Plaintiff is entitled to recover damages as alleged in his Complaint, those damages should be diminished in the proportion that the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused his damages.

### 6th Affirmative Defense

6. Plaintiff has failed to mitigate his damages.

### 7th Affirmative Defense

7. Any use of force on the part of Defendant, as alleged in Plaintiff's complaint was justifiable under the circumstances, in the absence of malice, in good faith, and carried out under the laws of the State of New York for the purpose of effectuating the lawful maintenance of order and lawful detention of the Plaintiff.

**8th Affirmative Defense**

8.	To the extent that Defendant is sued in his official capacity, Plaintiff is not entitled to an award of punitive damages.

**The Sheriff Defendants hereby demand a trial by jury.**

**WHEREFORE,** the Sheriff Defendants demand judgment dismissing Plaintiff's Second Amended Complaint and all claims against him, with prejudice, and for such other relief as the Court deems just and proper.

Dated:  October 5, 2022

                                               **JOHN P. BRINGEWATT,**
                                               **MONROE COUNTY ATTORNEY**
                                               *Attorney for Sheriff Defendants*

                                               _____
                                               Maria E. Rodi, Senior Deputy County Attorney
                                               307 County Office Building
                                               39 West Main Street, Rochester, NY 14614
                                               Telephone:  585.753.1495
                                               E-Mail:  mariarodi@monroecounty.gov

To:	Mr. Chad S. Williams
      *Pro Se Plaintiff*
      153 Thurston Rd.
      Rochester, NY 14619