UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHAD D. WILLIAMS,                              Case No. 16-cv-115 (LJV)

      Plaintiff,

                                               RESPONDING TO
                                               DEFENDANT'S INITIAL
v.                                           DISCLOSURES AND
                                               REQUEST FOR COUNSEL,
SERGEANT SHELLARD, et al.,            DUE TO MENTAL
                                               ILLNESS.
      Defendants.

      Plaintiff is responding to the defendant's disclosures pursuant to the December 17, 2020 Case Management Order issued by the Hon. H. Kenneth Schroeder, Jr., U.S.M.J.

A. These disclosures took two years to be submitted, a clear indication of unreasonable delay, in violation of the deadline set by the Hon. H. Kenneth Schroeder, Jr., while the docket does not reflect a motion by Attorney Maria Rodi, requesting additional time to respond.

B. These initial disclosures were given to the plaintiff on 1/8/23 by Deputy Goldsmith, who stated that she would turn over the thumbdrive to Deputy Amigo. There were no photos of the plaintiff's injuries, furthermore the plaintiff has yet to review the data on the thumb-drive. The thumb-drive that Attorney Rodi gave to the plaintiff over a year ago was grossly edited, removing the dozen deputies who ran into the nurses station and viciously assaulted the plaintiff. Mr. Williams, is requesting that the video from the grand jury proceedings held on July 18, 2019, with Public Defender Jean Caputo presiding as counsel for the plaintiff. Such video was in its entirety and this ITEM is the subject in question. This is the item that Attorney Maria Rodi intends to hide from the Court and ultimately the jury, such tampering is grounds for default judgment, however the Court has never responded to the plaintiff's motions addressing such corruption conducted by Attorney Maria Rodi.

2

## WITNESSES REQUESTED

C. Plaintiff expressly reserve the right to identify or call as witnesses in addition to those previously mentioned in submitted motion. Such individuals have or might have knowledge or matters relevant to this action or that such additional documents are relevant to this action. Mr. Williams also reserve the right to call witness besides those identified by Attorney Maria Rodi, disclosures.

### Disclosures:

1. The following is a list of each individual who was present, witnesses, or first hand information pertaining to the events from which the April 10th 2019 excessive force act arose.

a. Inmate Devonte Spencer, housed at the Wendy Correctional Facility.

b. Deputy Michael Bitterman;

c. Clara Huff

d. The Federal Court Clerk, Buffalo NY

e. Monroe County Jail Medical Records including medical records from Strong Memorial Hospital, and any medical care rendered to Plaintiff at the Monroe County Jail.

Plaintiff reserve the right to supplement these responses at any time.

# REQUEST FOR COUNSEL:

Plaintiff submitted multiple motions for appointment of counsel. Dkt. #86. When an individual suffers from mental illness, he or she should legally and ethically be given a Guardian-Litum, the intigrity of the Court should over-ride bias behavior, however it does not in this matter.

1. The Court is on record, stating that there is no constitutional right to appointed counsel in this civil case. Despite, the fact that Mr. Williams was diagnosed with Bipolar Disorder, Depression and Schizophrenia in 2016 by a Doctor that Judge Payson Ordered Mr. Williams to see. However, for some unknown reason Mr. Williams constitutional rights have been denied, due to the Plaintiff's mental illness it should have been the Court's ethical duty to assign an attorney to Mr. Williams, however it is the title of the defendants that has caused collusion and conspiritorial conduct, such unethical conduct has led to Mr. Williams illegal indictments and illegal incarceration.

2. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of Counsel in this matter is clearly within the judge's discretion.

a.) Mr. Williams claims for indigent is factual.

b.) Mr. Williams is unable to obtain the material needed for his approaching deposition schedule for 1/20/23.

c.) Cross-examination will be the major factor in this case, along with obtaining an unedited video from 4/10/19.

d.) The special reason that assigned counsel should be assigned to Mr. Williams is due to his mental illness, and the blatant retaliation in Mr. Williams State Matters that are illegal in nature.

6.

e.) Mr. Williams, Ind. No. 21-0516 is special in its self, according to Jean Caputo, public defender, it was the second time in 50 years that the grand jury voted not to hear the testimony of a defendant's witness, thus denying "exculpatory evidence," the integrity of the proceeding was impaired.

f.) The State Trooper's did not have on required body cameras, with regards to above indictment.

g.) Mr. Williams was denied the right to testify at his grand jury, and given a Seal indictment, for a charge that should not have been a Seal indictment, if Mr. Williams constitutional rights were not denied and given the right to testify at the grand jury Mr. Williams would not have been indicted

h.) Mr. Williams, has been maliciously targetted due to filing this complaint that the 2nd Circuit needs to intervene.

i.) Statements of attorneys and other civil servants, Mr. Williams State matters should be connected with this civil action to clearly show the collusion, and conspiratorial connection in these cases.

If the Court has any Integrity, the Court should assign Counsel to Mr. Williams, that suffers from Mental Illness.


NOTARY PUBLIC:

Sworn before me on this day 9TH, of JAN. 2023

[Notary seal: JACOB PHILLIPS, STATE OF NEW YORK, NOTARY PUBLIC, 01PH6...]

Signature:

8.

WESTERN DISTRICT
STATE OF NEW YORK
COUNTY OF MONROE SUPREME COURT

THE PEOPLE OF
THE STATE OF NEW YORK,

V.

Chad S. Williams,
Defendant.

AFFIDAVIT

Case No. 16-CV-115
Indict. No. 2021-0516
Filed: 6/14/2022

Mr. Chad S. Williams, is hereby swears under the penalty of perjury that the following is the truth:

On September the 17th 2021, I was pulled over by the Gates State Troopers for allegedly speeding doing 60 mph in a 55 mph speed limit. I was under the influence of mental health medication, I was unaware that a fire arm was in the vehicle. After exiting the vehicle in handcuffs I underwent a sobriety test, the results were negative however the officer indicated that he knew something was wrong with me. After being transported to the Gates police station I underwent another sobriety test, with the results still showing negative for alcohol. I was later directed by coercion and threats of having an additional charge by Trooper Charanjot Tiwana, if I did not sign the name Nathainal Shepherd. Such coercion was easily conducted due to being incoherent at the time of processing. The police station surveillance camera can verify the ordeal as well as the sobriety test. My Grand Jury commenced 48 hours after my initial arrest, I informed my Attorney Jean A. Caputo, that I wanted to testify. On 9/19/21 while waiting in the grand jury waiting room Mrs. Caputo came and sat next to me and showed me a one line o sheet of paper which she described as a brief synopsis of what she informed the jurors of what Brian Raphael was to testify.

She further stated; *'I didn't tell them that he had placed the gun in the vehicle, I sort of danced around it!'* I thought nothing of it at the time. She then Informed me; *that a form had to be sent to a Supreme Court Judge so that he could sign and Brian Raphael is given immunity. However by the time the form was being returned the Grand Jury had voted not to hear from your witness!* This is totally shocking this is highly unusual and hasn't happened in 50 years, I testified, there was not one African American juror present, the jurors appeared to already have their decision made. I informed them that Brian Raphael had a gun permit and fixed guns, and had placed the gun in the vehicle without my knowledge I then informed them that he had conducted a affidavit and it could be submitted, the prosecutor cut me off indicating that it was hearsay. I would later be informed by several attorneys that the prosecutor denied exculpatory Evidence.

## EXCULPATORY EVIDENCE:

If the exculpatory matter is so important as to material influence the grand jury's investigation would possibly cause the grand jury to change its findings, then it must be submitted (see People v. Monroe, 125 Misc 2d. 550 480 N.Y.S. 2d 1067, 386 N.Y.S. 2d 988).
The Court found in the Abdatello, case the People had knowledge of the alleged statement at the time of the Grand Jury proceedings and that the statement was of such importance that it should have been submitted. The only evidence against me at the time was presumption of possession (Penal Law 265.15 (3). People v. Lincoln, 603 N.Y.S. 2d 974, 159 Misc. 2d 242 (N.Y. sup. Ct. 1993). The prosecutor's actions are the basis for dismissal of the indictment CPL Sub. Section 210.35 (5). CALLING WITNESS: CPL 190.50 (6). People v. Thompson, 2014 NY slip (p 1205 22 N.Y. 3d 687, 8 N.E. 3d 803 985 N.Y.S.2d. People v. Arche, 902 N.Y.S. 2d 319, 28 Misc. 3d 617 (N.Y. Sup Ct. 2010). Dismissal of an indictment is authorized pursuant to CPL 210. 20 (1) © and 210. 35 (5) when the grand jury proceedings are defective to such a degree that the integrity of the proceeding is impaired and prejudice to the defendant may result in a dismissal a exceptional remedy and limited to instances where prosecutorial error potentially affected the decision reached by the grand jury. Brian Raphael had an attorney to testify. Prior to the grand jury proceedings I was informed that I had Court in Gates, however after the grand jury was over I was informed that It was rescheduled.

2.

However it would resume on 10/8/21 I was charged with identity theft, in open Court my attorney informed the judge that this matter would be a part of the prior grand jury proceedings. She states this prior to arguing with me about testifying at my-up-comming grand jury for the new charge now all of a sudden there is no grand jury. A new charge with no grand jury or preliminary hearing. Vigilante justice and conspiratorial behavior abhorrent to our society's concept of jurisprudence whether the end product be a body dangling from a rope or a person charged with a crime as a result of lawless conduct on the part of an overzealous prosecutor. The latter indeed is reprehensible since both societies and the accused are victimized, by one sworn to uphold the law. People v. Pops, 68 N.Y. 2d 264 (1980). The Court found that the peoples wrongful withholding of exculpatory evidence effectively deprived the defendant of a fair trial. People v. Donofrio, 605 N.Y.S. 2d 69 199 A.D. 2d 124 (N.Y. App. Dix (1993). People v. Rosa 546 N.Y.S. 2d 803. 145 Misc 2d 423 (N.Y.sup Ct. 1989). In presenting evidence to the grand jury the prosecution serves a dual role as advocate and public officer role as advocate and public officer and in doing so is charged to see that justice is done. (People v. Pelchat 62 N.Y.S. 2d 971, 476 N.Y.S. 2d 79, 464 N.E 2d 447 (1984). Moreover a Grand Jury proceeding is properly an investigation rather than a prosecution directed against a witness (People v. Ianniello 21 N.Y. 2d 418 424 288 N.Y.S. 2d 462, 235, E. 2d 439 (1968). Article 190 of the Criminal Procedure Law outlines specific duties and responsibilities of a prosecutor before the Grand Jury. The language of CPL 190.50 (5), (b) permits a defendant testifying before the Grand Jury to give any relevant and competent evidence. In closing Discovery can not be induced three months later as it was by Ms. Caputo in the matter of a thumb- drive such late discovery must be suppressed as well.

        This passage contemplates a defendant having the opportunity to present such evidence without undue interruption by the People. (People v. Green, 80 A.D. 2d 650, 436 N.Y.S. 2d 420 People v. Durber 100 Misc 2d 389 419 N.Y.S. 2d 432. People v. Davis 119 Misc. 2d 1013, 465 N.Y.S. 2d 404. The above mentioned is the truth and I make this affidavit out on my own free will with no forms of coercion.

3.

Chad S. Williams

NOTARY PUBLIC:
STATE OF NEW YORK
COUNTY OF MONROE

Sworn before me on this day 15, of JUNE, 2022

*Chadly F. Cunningham* (signature)

Chadley F. Cunningham
Notary Public, State of New York
Reg. No. 01CU6388735
Qualified in Monroe County
My Commission Expires 03/11/20 23

Signature.

4.