UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHAD S. WILLIAMS,

       Plaintiff,

   v.                                      16-CV-115-LJV-HKS
                                               DECISION & ORDER
THE HON. WARRANT ISSUING JUDGE,
*et al.*,

       Defendants.

---

       This case began in 2016, when Chad S. Williams, then *pro se*, filed two actions in this Court against various defendants. Docket Item 1[1]; *Williams v. Judge Payson*, Case No. 16-cv-723, Docket Item 1 (W.D.N.Y. Sept. 9, 2016). Those cases were later consolidated, Docket Item 30, and after screening Williams's complaints and amended complaints three times, *see* Docket Items 30, 56, 70, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), *see* Docket Item 93.

       On February 26, 2021, Williams, still acting *pro se*, filed an amended complaint asserting claims under 42 U.S.C. § 1983. Docket Item 103 at ¶ 1. Those claims were based on incidents in 2015, 2019, and 2020, including a 2019 assault that allegedly took place in Monroe County Jail. *See generally id.*; Docket Item 152 at 2-3. Judge Schroeder accepted that filing as "the operative complaint in this action." Docket Item 112.

---

[1] Unless otherwise noted, all citations to docket items are to Case No. 16-cv-115.

On August 14, 2023, the defendants moved for partial judgment on the pleadings.[2]  Docket Items 138, 138-4.  On September 29, 2023, Williams—now represented by counsel—responded, opposing the defendants' motion "only to the extent that it seeks dismissal of the [s]upervisory [l]iability and the [f]ailure to [p]rotect claims against [d]efendants [Todd] Baxter and [Matt] Vanduzee related to the 2019 incident."  Docket Item 145 at 6.  In the alternative, Williams argued that if the Court granted the defendants' motion to dismiss those claims, it should do so "without prejudice to replead[ing], particularly now that [Williams] has retained counsel."  *Id.*  On October 23, 2023, the defendants replied, opposing Williams's request to amend his complaint if their motion were granted.  Docket Item 148 at 7-8.

On January 8, 2024, Judge Schroeder issued a Report, Recommendation and Order ("RR&O") finding that the defendants' motion should be granted but that Williams should be allowed to file an amended complaint to "replead" his supervisory liability and failure to protect claims against Baxter and Vanduzee.  Docket Item 152 at 14-15.  The parties did not object to the RR&O, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636

---

[2] The defendants did not "move[] for dismissal of [Williams's] excessive force claims against . . . [Deputy] Bitterman, [Deputy] Hoyt, [Deputy] Lawler, [Deputy] Ryders, and [Corporal] Fennes[s]y arising out of the 2019 assault."  Docket Item 152 at 5 (italics omitted).

nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's RR&O as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motion but to afford Williams leave to file an amended complaint.  This Court is especially persuaded to do so by Judge Schroeder's observation that Williams has only recently obtained counsel and that the proposed amended complaint is not likely to significantly delay this matter.  *See* Docket Item 152 at 13-14.

For the reasons stated above and in the RR&O, the defendants' motion for partial judgment on the pleadings, Docket Item 138, is GRANTED.  The Court dismisses the following claims with prejudice: Williams's claims against all defendants related to the 2015 assault; his claims against Baxter and Vanduzee for failure to protect related to the same incident; his claims against Baxter, Vanduzee, and Captain Shellard for excessive force related to the 2019 assault; and his claims against Baxter, Vanduzee, and Shellard for failure to protect related to his contraction of COVID-19 in 2020.  Williams's claims against Baxter and Vanduzee for supervisory liability and failure to protect related to the 2019 assault are dismissed with leave to file an amended complaint **within 30 days of the date of this order**.

The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of December 22, 2020, Docket Item 93.

3

SO ORDERED.

Dated:   January 25, 2024
         Buffalo, New York

                                             /s/ Lawrence J. Vilardo
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE